James E. Magleby (7247)
  magleby@mcg.law
Jennifer Fraser Parrish (11207)
  parrish@mcg.law
**MAGLEBY CATAXINOS & GREENWOOD, PC**
141 West Pierpont Avenue
Salt Lake City, Utah 84101-1902
Telephone: 801.359.9000

Attorneys for Plaintiff Jordan Cameron

---

## IN THE UNITED STATES DISTRICT COURT
## DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| **JORDAN CAMERON, on behalf of himself and others similarly situated,** | **COMPLAINT** |
| **Plaintiffs,** | **AND** |
| | **JURY DEMAND** |
| **v.** | |
| **GLOBAL OBLIGORS, INC., a New Jersey company, HOME WARRANT ADMINISTRATOR OF UTAH, INC.,** | **Case No.:** |
| **Defendants.** | **Honorable** |

Plaintiff Jordan Cameron ("Cameron"), by his undersigned counsel, for this class action complaint against Defendant Choice Home Warranty ("Choice") and their present, former and future direct and indirect parent companies, subsidiaries, affiliates, agents and related entities, allege as follows:

### INTRODUCTION

1.      Nature of Action:  As the Supreme Court has explained, "Americans passionately disagree about many things. But they are largely united in their disdain for robocalls. The Federal Government receives a staggering number of complaints about

robocalls- 3.7 million complaints in 2019 alone. The States likewise field a constant barrage of complaints.  For nearly 30 years, the people's representatives in Congress have been fighting back.  As relevant here, the Telephone Consumer Protection Act of 1991, known as the TCP "generally prohibits robocalls to cell phones and home phones." *Barr v. Am. Ass'n of Political Consultants,* 140 S. Ct. 2335, 2343 (2020).

2.      This case involves a campaign by Choice Home Warranty to market its home warranty services through the use of unsolicited calls, pre-recorded text messages, and other deceptive practice in plain violation of the Telephone Consumer Protection Act, 47 U.S.C. § 227 *et seq.* (hereinafter referred to as the "TCPA") and the Utah Telephone and Facsimile Solicitation Act, Utah Code § 13-25a-102 *et seq.* and the Utah Telephone Fraud Preventions Act, Utah Code § 13-26-11.

**PARTIES**

3.      Plaintiff Cameron is an individual, who resides, and was located in Utah at the time of the calls at issue.

4.      Defendant Global Obligors, Inc., dba Choice Home Warranty ("Choice Home Warranty") is a New jersey corporation doing business all across the United States.

5.      Defendant Home Warranty Administrator of Utah, Inc., dba Choice Home Warranty, is a Utah corporation.

6.      Defendants Global Obligors and Home Warranty Administrator of Utah are collectively referred to herein as "Choice Home Warranty."

## JURISDICTION AND VENUE

7.    <u>Jurisdiction:</u>  This Court has federal-question subject matter jurisdiction over Plaintiff's TCPA claims pursuant to 28 U.S.C. § 1331 because the TCPA is a federal statute. 47 U.S.C. § 227; *Mims v. Arrow Fin. Servs., LLC,* 565 U.S. 368, 372 (2012).  This Court has supplemental subject matter jurisdiction over the state law claims pursuant to 28 U.S.C. § 1367, because the claims relate to and arise out of the same course of conduct, and form part of the same case and controversy, as the claims over which this Court has original jurisdiction.

8.    <u>Personal Jurisdiction:</u>  This Court has personal jurisdiction over Defendants because they are Utah entities, or directly or through their agents have knowingly taken actions, or failed to act, in manners that have directly caused harm to residents of the state of Utah, and/or have purposefully availed themselves of the privileges of conducting commercial activity in the forum state, including through contracts and telephone solicitations.  In this particular case, Defendants initiated multiple calls to a Utah telephone number and spoofed Utah area codes in placing the calls.  Such illustrates Defendants' intentional conduct directed specifically into the state of Utah.  The exercise of jurisdiction is reasonable as Defendants should have known that they would be subject to the jurisdiction and laws of the forum state when they initiated commercial telephone solicitations to consumers located in Utah, and failed to properly honor opt-out requests from consumers in Utah.

9.      Venue:  Venue is proper in this District pursuant to 28 U.S.C. § 1391(b) because a substantial part of the events giving rise to Plaintiff's claims - namely, the receipt of the illegal telemarketing from Defendants - occurred in this District.

**FACTS**

**THE ENACTMENT OF THE TCPA AND ITS REGULATIONS**

10.      Enacted in 1991, the TCPA makes it unlawful "to make any call (other than a call made for emergency purposes or made with the prior express consent of the called party) using an automatic telephone dialing system or an artificial or prerecorded voice ... to any telephone number assigned to a ... cellular telephone service." 47 U.S.C. § 227(b)(I).  Robocalls include text and SMS messages.

11.      Calls made by an ATDS or with a prerecorded or artificial voice are referred to as "robocalls" by the federal Communications Commission ("FCC") and herein.

12.      The TCPA provides a private cause of action to persons who receive such calls to encouraging people to hold robocallers accountable on behalf on their fellow Americans.  *See* 47 U.S.C. § 227(b)(3).

13.      In enacting the TCPA, Congress found: "Evidence compiled by the Congress indicates that residential telephone subscribers consider automated or prerecorded telephone calls, regardless of the content or the initiator of the message, to be a nuisance and an invasion of privacy."  Telephone Consumer Protection Act of 1991, Pub. L. No. 102-243, 105 Stat. 2394 § 2(10).  Congress continued: "Banning such automated or prerecorded telephone calls to the home, except when the receiving party

4

consents to receiving the call or when such calls are necessary in an emergency situation affecting the health and safety of the consumer, is the only effective means of protecting telephone consumers from this nuisance and privacy invasion." *Id.* § 2(12).

14.     The TCPA's sponsor described unwanted robocalls as "the scourge of modem civilization. They wake us up in the morning; they interrupt our dinner at night; they force the sick and elderly out of bed; they hound us until we want to rip the telephone out of the wall." 137 Cong. Rec. 30,821 (1991) (statement of Sen. Hollings).

15.     To protect consumers from unwanted calls, "prior express written consent" is required before making telemarketing robocalls to wireless numbers. Specifically:

> [A] consumer's written consent to receive telemarketing robocalls must be signed and be sufficient to show that the consumer: ( 1) received clear and conspicuous disclosure of the consequences of providing the requested consent, *i.e.,* that the consumer will receive future calls that deliver prerecorded messages by or on behalf of a specific seller; and (2) having received this information, agrees unambiguously to receive such calls at a telephone number the consumer designates. In addition, the written agreement must be obtained without requiring, directly or indirectly, that the agreement *be* executed as a condition of purchasing any good or service.

*In the Matter of Rules* & *Regulations Implementing the Telephone Consumer Protection Act of 1991,* 27 FCC Red. 1830, 1844 1 33 (2012) (footnote omitted) (internal quotation marks omitted).

**DEFENDANT' UNSOLICITED TELEMARKETING TO PLAINTIFF**

16.     Plaintiff is, and at all times mentioned herein was, a "person" as defined by 47 U.S.C. § 153(39).

17.     Plaintiff's residential telephone number is (801) XXX-9185 ("Cameron Phone Number").

18.     The Cameron Phone Number is assigned to a cellular telephone service.

19.     The Cameron Phone Number was registered on the National Do Not Call List ("DNC") on March 17, 2009.

20.     Plaintiff Cameron never consented to receive calls from Choice Home Warranty.

21.     Plaintiff Cameron has no existing business relationship with Choice Home Warranty and has never solicited information from Choice Home Warranty.

22.     Choice Home Warranty placed telemarketing phone calls the Cameron Phone Number without prior written consent and despite it being on the DNC.

23.     On February 7, 2023, Choice Home Warranty called the Cameron Phone Number from a spoofed, Utah number, 385-363-5851.  Expecting a phone call from the same area, Plaintiff Cameron answered the call.  The caller identified himself using a generic "Home Warranty" name, then transferred the call to another agent, who identified himself as being a representative of Choice Home Warranty.

24.     During the call, the agent made several misrepresentations, including that they obtained the Cameron Phone Number through an inquiry from Plaintiff Cameron.

25.     During the call, Plaintiff Cameron indicated that he was not interested in a home warranty and that he did not request any information from Choice Home Warranty.

26.     On February 8, 2023, Choice Home Warranty again called the Cameron Phone Number from a different spoofed Utah number, 801-216-3711.

27.    On February 9, 2023, Choice Home Warranty again called the Cameron Phone Number from yet another spoofed Utah number, 801-903-2871.

28.    On February 10, 2023, Choice Home Warranty again called the Cameron Phone Number from 801-216-3711.

29.    During the call, the agent made several misrepresentations including that they obtained the Cameron Phone Number through an inquiry submitted to their website.

30.    On Saturday, February 11, 2023, Choice Home Warranty again called the Cameron Phone Number from 801-903-2871.

31.    On Tuesday, February 14, 2023, Choice Home Warranty sent a pre-recorded text to the Cameron Phone Number.

32.    Plaintiff Cameron responded to this text, and asked where Choice Home Warranty got the Cameron Phone Number.

33.    The agent misrepresented that Plaintiff Cameron was interested in finding a home warranty quote.

34.    Plaintiff Cameron indicated that he never requested a quote.  Thereafter, Choice Home Warranty indicated that the Cameron Phone Number had been unsubscribed.

35.    Despite claiming that the Cameron Phone Number had been unsubscribed, on Wednesday, February 15, 2023, Choice Home Warranty again called the Cameron Phone Number from yet another Utah number, 385-787-0351.

36.    During the call, the agent made several misrepresentations, including that they obtained the Cameron Phone Number through an inquiry submitted to their website.

**THE NUISANCE CREATED BY DEFENDANT'S AUTOMATED TELEMARKETING**

37.    Before directing their telemarketing, Choice Home Warranty never did anything to confirm that Plaintiff had provided prior express written consent to their telemarketing, and Choice Home Warranty knew or should have known that Plaintiff had not provided prior express written consent to receive telemarketing calls promoting Defendants' goods or services, and that illegal telemarketing was being conducted by or on Defendants' behalf.

38.    The telemarketing alleged herein: (A) invaded Plaintiff's privacy and solitude; (B) wasted Plaintiff's time; (C) annoyed Plaintiff; (D) tied up Plaintiff's cellular telephone line; and (E) harassed Plaintiff.

**CLASS ACTION ALLEGATIONS**

39.    Pursuant to Federal Rules of Civil Procedure 23(b)(2) and (b)(3), Plaintiff bring this case on behalf of four classes (each a "Class," collectively, the "Class").

40.    <u>ATDS Class</u>:  All persons in the United State who from four years prior to the filing of this action through the time of trial (1) who were called on their cellular telephone number by any of the Defendants (or an agent on behalf of any of the Defendants); 2) using ATDS; and (3) for whom Defendants did not possess valid prior express written consent.

41.    <u>Pre-recorded No Consent Class</u>:  All persons in the United State who from four years prior to the filing of this action through the time of trial (1) who were called on their cellular telephone number by any of the Defendants (or an agent on behalf of any of the Defendants); (2) using a prerecorded voice message and/or Text/SMS; and (3) for whom Defendants did not possess valid prior express written consent.

42.    <u>Do Not Call Registry Class</u>:  All persons in the United States who from four years prior to the filing of this action through trial (1) who were called or sent a Text/SMS communication on their cellular telephone number by any of the Defendants (or an agent acting on behalf of any of the Defendants) more than one time; (2) within any 12-month period; (3) where the person's telephone number had been listed on the National Do Not Call Registry for at least thirty days; and (4) for whom Defendants did not possess valid prior express written consent.

43.    <u>Utah Class</u>.  All persons in Utah who from four years prior to the filing of this action through the time of trial who were texted or called more than one time by any of the Defendants (or an agent acting on behalf of any of the Defendants) without applicable exemption (1) using an automated telephone dialing system; and/or (2) after receiving notice from the person called that the person did not want to be called.

44.    Excluded from the Class are Defendant, any entity in which Defendant has a controlling interest or that has a controlling interest in Defendant, Defendant's legal representatives, assignees, and successors, the judges to whom this case is assigned and the employees and immediate family members of all of the foregoing.

9

45.  <u>Numerosity</u>:  The Class is so numerous that joinder of all their members is impracticable.

46.  Choice Home Warranty engages in telemarketing, which is done *en masse*.

47.  <u>Commonality</u>:  There are many questions of law and fact common to Plaintiff and the members of the Class, including: (a) whether Defendants used ATDS in placing calls and texts/SMS to Plaintiff and members of the Class; (b) whether Defendants placed pre-recorded calls or Text/SMS messages to Plaintiff and members of the Class; (c) whether the calls and texts/SMS were made without first obtaining prior express written consent of Plaintiff and members of the Class; (d) whether the Defendants placed multiple calls or sent multiple text messages, to Plaintiff and members of the Class within a 12 month period; (e) whether Defendants called Utah residents after receiving notice that the person did not desire to be called; (f) whether Defendants' conduct constitutes a violation of the TCPA and/or Utah law; and (g) whether members of the Classes are entitled to treble damages based on the willfulness of Defendants' conduct.

48.  <u>Typicality</u>:  Plaintiff's claims are typical of the claims of the Class. Plaintiff's claims and those of the Class arise out of the same course of conduct by Defendant and are based on the same legal and remedial theories.

49.  <u>Adequacy</u>:  Plaintiff will fairly and adequately protect the interests of the Class.  Plaintiff has retained competent and capable counsel experienced in TCPA and class action litigation.  Plaintiff and his counsel are committed to prosecuting this action

vigorously on behalf of the Class and have the financial resources to do so.  The

interests of Plaintiff and their counsel are aligned with those of the proposed Class.

50.    Superiority:  The common issues arising from this conduct that affect

Plaintiff and members of the Class predominates over any individual issues, making a

class action the superior means of resolution.  Adjudication of these common issues in

a single action has important advantages, including judicial economy, efficiency for

Class members and class wide *res judicata* for Defendant.  Class wide relief is essential

to compel Defendant to comply with the TCPA.  The interest of individual members of

the Class in individually controlling the prosecution of separate claims against

Defendant is small because the damages in an individual action (up to *$1,500* per

violation) are dwarfed by the cost of prosecution.

**FIRST CLAIM FOR RELIEF**
**(47 U.S.C. § 227(b)(1) – ATDS**
**On Behalf of Plaintiff and the ATDS Class)**

51.    Plaintiff reallege and incorporate by reference each and every allegation

set forth in the preceding paragraphs.

52.    Defendant and/or its affiliates or agents violated the TCPA, 47 U.S.C. §

227(b)(1), by placing non-emergency calls and texts to the cellular telephone numbers

of Plaintiff and members of the ATDS Class using automated telephone dialing system

without prior express written consent.

53.    Plaintiff and members of that Class are entitled to an award of $500 in

damages for each such violation. 47 U.S.C. § 227(b)(3)(B).

54.     Plaintiff and members of that Class are entitled to an award of up to $1,500 in damages for each such knowing and/or willful violation. 47 U.S.C. § 227(b)(3).

55.     Plaintiff and members of that Class are also entitled to and do seek an injunction prohibiting Defendant and/or its affiliates and agents from violating the TCPA, 47 U.S.C. § 227(b)(l), by placing non-emergency calls to any cellular telephone number using an automatic telephone dialing system.

**SECOND CLAIM FOR RELIEF**
**(47 U.S.C. § 227(b)(1) – Robocalling**
**On Behalf of Plaintiff and the Pre-recorded No Consent Class)**

56.     Plaintiff reallege and incorporate by reference each and every allegation set forth in the preceding paragraphs.

57.     Defendant and/or its affiliates or agents violated the TCPA, 47 U.S.C. § 227(b)(l), by placing non-emergency pre-recorded calls and texts to the cellular telephone numbers of Plaintiff and members of the Pre-recorded No Consent Class without prior express written consent.

58.     Plaintiff and members of that Class are entitled to an award of $500 in damages for each such violation. 47 U.S.C. § 227(b)(3)(B).

59.     Plaintiff and members of that Class are entitled to an award of up to $1,500 in damages for each such knowing and/or willful violation. 47 U.S.C. § 227(b)(3).

60.     Plaintiff and members of that Class are also entitled to and do seek an injunction prohibiting Defendant and/or its affiliates and agents from violating the TCPA, 47 U.S.C. § 227(b)(l), by placing non-emergency calls to any cellular telephone number using an artificial or prerecorded voice.

**THIRD CLAIM FOR RELIEF**
**(47 U.S.C 227 – Do Not Call**
**On behalf of Plaintiff and the Do Not Call Registry Class)**

61.     Plaintiff realle023 and incorporate by reference each and every allegation set forth in the preceding paragraphs.

62.     The TCPA's implementing regulation, 47 C.F.R. § 64.1200(c), provides that "[n]o person or entity shall initiate any telephone solicitation" to "[a] residential telephone subscriber who has registered her or her telephone number on the national do-not-call registry of persons who do not wish to receive telephone solicitations that is maintained by the federal government."

63.     Any person who has received more than one telephone call within any 12-month period by or on behalf of the same entity in violation of the regulations prescribed under this subsection may bring a private action based on a violation of said regulations, which were promulgated to protect telephone subscribers' privacy rights to avoid receiving telephone solicitations to which they object. 47 U.S.C. § 227(c).

64.     Defendants violated 47 C.F.R. § 64.1200(c) by initiating, or causing to be initiated, telephone solicitations to telephone subscribers such as the Plaintiff and the Do Not Call Registry Class members who registered their respective telephone numbers on the National Do Not Call Registry, a listing of persons who do not wish to receive telephone solicitations that is maintained by the federal government.

65.     Defendants violated 47 U.S.C. § 227(c)(5) because Plaintiff and the Do Not Call Registry Class received more than one telephone call or text message in a 12-

month period made by or on behalf of Defendant in violation of 47 C.F.R. § 64.1200, as described above.

66.     As a result of Defendants' conduct as alleged herein, Plaintiff and the Do Not Call Registry Class suffered actual damages and, under section 47 U.S.C. § 227(c), are entitled, inter alia, to receive up to $500 in damages for such violations of 47 C.F.R. § 64.1200.

67.     To the extent Defendants' misconduct is determined to be willful and knowing, the Court should, pursuant to 47 U.S.C. § 227(c)(5), treble the amount of statutory damages recoverable by the members of the Do Not Call Registry Class.

68.     Plaintiff and members of that Class are also entitled to and do seek an injunction prohibiting Defendant and/or its affiliates and agents from violating the TCPA, 47 U.S.C. § 227(b)(l), by making more than one telephone call or sending more than one text message to persons on the National Do Not Call Registry.

**FOURTH CLAIM FOR RELIEF**
**(Utah Code 13-25a-101**
**On behalf of Plaintiff and the Utah Class)**

69.     Plaintiff reallege and incorporate by reference each and every allegation set forth in the preceding paragraphs.

70.     Pursuant to Utah Code Section 13-25a-103, a person may not operate or authorize the operation of an automated telephone dialing system to make a telephone solicitation.

71.     Defendant and/or its affiliates or agents violated the Utah Code, by placing calls and texts to the cellular telephone numbers of Plaintiff and members of the Utah

Class using automated telephone dialing system as defined under Utah Law, without prior express written consent or an established business relationship.

72.    A private party may bring an action if the person has received two or more telephone solicitations from the same individual or entity that violate the Utah Code or 47 U.S.C. 227.

73.    Pursuant to Utah Code Section 13-25a-107.2, a telephone solicitor may not make or cause to be made a telephone solicitation to a person who has informed the telephone solicitor, either in writing or orally, that the person does not wish to receive a telephone call from the telephone solicitor.

74.    Defendant and/or its affiliates or agents violated the Utah Code, by placing calls and texts to the cellular telephone numbers of Plaintiff and members of the Utah Class who had previously informed Defendants that they did not wish to receive calls.

75.    As a result of Defendants' conduct as alleged herein, Plaintiff and the Utah Class suffered actual damages and, under section Utah Code 13-25a-107, are entitled, inter alia, to receive up to $500 in damages for such violations and an award of attorneys' fees.

76.    To the extent Defendants' misconduct is determined to be willful and knowing, the Court can award an individual treble the amount of the individual's pecuniary loss.

77.    Plaintiff and members of that Class are also entitled to and do seek an injunction prohibiting Defendant and/or its affiliates and agents from violating Utah Code Section 13-25a-103.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff; on his own behalf and on behalf of all members of the Class, pray for judgment against Defendant as follows:

A.  Certification of the proposed Class;

B.  Appointment of Plaintiff as representative of the Class;

C.  Appointment of the undersigned counsel as counsel for the Class;

D.  A declaration that actions complained of herein violate the TCPA and the Utah Code;

E.  An order enjoining Defendant and its affiliates, agents and related entities from engaging in the conduct set forth herein;

F.  An award to Plaintiff and the Class of damages, as allowed by law;

G.  Leave to amend this Complaint to conform to the evidence presented at trial; and

H.  Orders granting such other and further relief as the Court deems necessary, just, and proper.

## DEMAND FOR JURY

Plaintiff demands a trial by jury for all issues so triable.

DATED this 17th day of February 2023.

**MAGLEBY CATAXINOS & GREENWOOD, PC**

James E. Magleby
Jennifer Fraser Parrish
*Attorneys for Plaintiff Jordan Cameron*

17